IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01556-ZLW-KLM

EDGNA ALMEIDA,

  Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut corporation,

  Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Conduct Discovery** [Docket No. 30; Filed November 16, 2009] (the "Motion"). The Court has reviewed the Motion, Plaintiff's Brief in Support of the Motion [Docket No. 31], Defendant's Response [Docket No. 36], Plaintiff's Reply [Docket No. 37], the entire case file and applicable case law and is sufficiently advised in the premises. For the reasons stated below, the Motion is **GRANTED**.

**I.    Background**

Plaintiff filed the instant action to recover long-term disability benefits to which she believes she is entitled as a participant in the APL Limited-Sponsored Group Benefit Plan ("the Plan"), the long-term disability policy provided by her former employer, APL Limited. Plaintiff asserts that Defendants wrongfully terminated her long term disability benefits effective October 4, 2007, on the ground that her condition did not meet the definition of

1

disability under the Plan. Plaintiff internally appealed the decision, which was affirmed, thereby exhausting her administrative remedies. This litigation followed.

Plaintiff seeks to supplement the Administrative Record with limited discovery on the following issues: (1) the conflict of interest arising from Defendant's dual role as the Plan Administrator and the payer of the Plan's disability benefits; (2) the independence and scope of review performed by Defendant, including the bias of any persons or companies that provided services to Defendant in its determination to deny benefits to Plaintiff; and (3) Defendant's practice of encouraging and requiring beneficiaries to seek social security disability benefits and "its failure to consider the award of such benefits while retaining all financial gain from that practice." *Brief* [#31] at 5. Plaintiff alleges that the information is not in the Administrative Record and that there is no other means to determine the scope of Defendant's conflict of interest. *Reply* [#37] at 3.

Defendant opposes the requested discovery. Defendant argues that the discovery requests are overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. In addition, Defendant asserts that granting Plaintiff the requested relief would be contrary to the fundamental policies governing litigation under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § *et seq.* ("ERISA"). *Response* [#36] at 2.

**II. Analysis**

The parties agree that the Defendant's denial of benefits to Plaintiff is subject to deferential review by the district court under an arbitrary and capricious standard. Under this standard of review, a plan administrator's decision will be upheld so long as it has a reasoned basis. *Adamson v. Unum Life Insurance Co. of America,* 455 F.3d 1209, 1212

(10th Cir.2006). "Indicia of arbitrary and capricious actions include a lack of substantial evidence, a mistake of law, and bad faith." *Buchanan v. Reliance Standard Life Ins. Co.,* 5 F.Supp.2d 1172, 1180 (D. Kan.1998). The Tenth Circuit, like a majority of other courts, has held that "[i]n determining whether the plan administrator's decision was arbitrary and capricious, the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision." *Sandoval v. Aetna Life & Cas. Ins. Co.,* 967 F.2d 377, 380 (10th Cir.1992). *See also Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975, 981 (7th Cir.1999); *Miller v. United Welfare Fund,* 72 F.3d 1066, 1071 (2d Cir.1995). However, in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008), the Supreme Court recognized that when an insurer "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket ... [it] creates a conflict of interest." *Id.* at 2346. Therefore, "a reviewing court should consider whether the plan administrator has abused its discretion in denying benefits; and ... the significance of the factor will depend upon the circumstances of the particular case." *Id.* Plaintiff has the burden of demonstrating a conflict of interest. *Fought v. Unum Life Ins. Co. of America*, 379 F.3d 997, 1005 (10th Cir. 2004).

In accord with *Glenn*, courts in this district and elsewhere have allowed limited discovery related to the conflict of interest issue. *See Calvert v. Firstar Finance, Inc.,* 409 F.3d 286, 293 n. 2 (6th Cir. 2005) (recognizing that bias on the part of the administrator may be grounds for allowing discovery); *Orndorf v. Paul Revere Life Ins. Co.,* 404 F.3d 510, 520 (1st Cir. 2005) (finding that "evidence outside the administrative record might be relevant to a claim of personal bias by a plan administrator"); *Dubrovin v. Ball Corp.*

3

*Consolidated Welfare Benefit Plan for Employees*, 626 F.Supp.2d 1099, 1104-05 (D. Colo. 2008) *(*limited discovery related to possible conflict permitted); *Kohut v. Hartford Life and Accident Ins. Co.*, No. 08-cv-00669-CMA-MJW, 2008 WL 5246163, at *12 (D. Colo. Dec. 16, 2008) (discovery allowed because conflict of interest may not appear on face of administrative record)*; Paul v. Hartford Life and Accident Ins. Co.*, No. 08-cv-00890-REB-MEH, 2008 WL 2945607, at *2 (D. Colo. July 28, 2008) (collecting cases). Evidence of a conflict of interest may appear on the face of the Plan, by evidence of improper incentives, or through proof of a pattern or practice of unreasonably denying meritorious claims. *Glenn*, 128 S.Ct. at 2354 (Roberts, J.,concurring).

Plaintiff seeks information on incentive, bonus and compensation practices of Hartford and its independent medical reviewers. Plaintiff requests "historical data" relating to claim denial. Plaintiff also seeks discovery on the compensation of Hartford employees who participated in the denial of benefits. Also, Plaintiff requests the "contracts and the specific instructions [and] guidelines ... provided to the third party professionals," and all e-mails regarding the opinions of these professionals. *Brief* [#31] at 11, 12. Plaintiff alleges that Defendant requested that she apply for social security disability benefits. She was granted these benefits, but Defendant ignored that fact. Plaintiff seeks information on "a broader pattern and practice of Hartford of unreasonably denying meritorious claims." *Id.* at 13. Plaintiff's discovery requests also seek statistical evidence – claims manuals, training and claims guidelines and statistical data – regarding Defendant's denial of other claims involving persons with Plaintiff's medical condition. The Court addresses each category of information sought below.

  **A.** **Third Parties**

Plaintiff requests discovery concerning third party independent medical reviewers and professionals "related to determining the scope of the conflict." *Reply* [#37] at 10. To that end, Plaintiff seeks information on incentive, bonus and compensation practices of Hartford's independent medical reviewers. She seeks information about the number of reviews performed by these individuals, the average fee earned for the reviews, the outcome of the claims for which they were consulted, gross monetary compensation, and amounts paid for the review of Plaintiff's file. *Brief* [#31] at 11. Plaintiff's proposed interrogatories and requests for production also seek all communications between the third party professionals, including memoranda, emails, correspondence, reports and other documentation supporting their opinions and statements. *Id.* at 12. This information is sought in Interrogatories 4-14, 16-18 and Requests for the Production of Documents 7-15.

Defendant argues that the relevant inquiry here is whether the conflict of interest affected Hartford's decision, not the potential conflicts of third party consultants and medical professionals. *See Glenn*, 128 S.Ct. at 2346 (ERISA conflict of interest when employer/insurance company determines both benefits eligibility and pays the benefits). However, the extent of any alleged conflict of interest could be shown by how Defendant instructs third party consultants, doctors and reviewers and/or whether Defendant provides incentives to them. *See id.* at 2354 (Roberts, J., concurring), citing *Armstrong v. Aetna Life Ins. Co.*, 128 F.3d 1263, 1265 (8th Cir. 1997). A number of courts have concluded that the information sought by Plaintiff regarding third parties is relevant to the conflict of interest issue. *See, e.g. Hackett v. Standard Ins. Co.*, No. CIV. 06-5040, 2009 WL 3062996, at *8 (D.S.D. Sept. 21, 2009); *Fischer v. Life Ins. Co. Of N. America*, No. 1:08-cv-0396-WTL-TAB, at *4 (S.D. Ind. Mar. 1, 2009); *Hogan-Cross v. Metro. Life Ins.*, 568 F.Supp.2d 410,

414 (S.D.N.Y. 2008).

I agree with the conclusion of these courts. The third party information requested by Plaintiff is relevant to the conflict of interest issue. Thus, Defendant is required to respond the discovery requests.

### B. Hartford Employees

Interrogatories 1-3 relate to "the role of Hartford's employees involved in the denial of benefits and whether their compensation was related to the benefits determination." *Brief* [#31] at 10. As noted above, in his concurring opinion in *Glenn*, Chief Justice Roberts noted that an ERISA conflict of interest "may be shown by evidence of other improper incentives." *Glenn*, 128 S.Ct. at 2354. Therefore, Plaintiff is entitled to discovery on any financial incentives given to employees involved in denying her claim. *See Sanders v. Unum Life Ins. Co. of N. Am.,* No. 4:08 CV 421 JLH, 2008 WL 4493043, at *4 (E.D. Ark. Oct. 2, 2008) (permitting discovery relating to any financial incentives anyone might have had to deny plaintiff's claim); *Burgio v. Prudential Life Ins. Co. of Am.,* 253 F.R.D. 219, 234 (E.D.N.Y. 2008) (allowing discovery of information relating to compensation awards paid to individuals involved in denial of plaintiff's claim); *see also Fischer*, 2009 WL 734705, at *4 (collecting cases).

### C. Internal Guidelines

In Interrogatories 15, 17, 20 and Requests for Production 1-6, and 16, Plaintiff seeks Hartford's claims manuals, training and claims guidelines and statistical data "containing the Hartford's policies and procedures related to claims administration ..." *Brief* [#31] at 14. Defendant argues that these documents are not part of the Administrative Record and are irrelevant and confidential. *Response* [#36] at 20-22.

In *Glenn*, the Supreme Court identified several factors to consider regarding the conflict of interest issue. The first factor was whether the administrator had a history of biased claims administration. *Glenn*, 128 S.Ct. at 2351. The second factor focused on whether the administrator had taken active steps to reduce potential bias and promote accuracy in its benefits decisions -- either by walling off claims administrators from the finance section of the firm, or by imposing management checks designed to penalize inaccurate decision-making. *Id.* The third factor looked to the interplay between the administrator's decision and any related disability decisions by the Social Security Administration. *Id.* at 2352. The last factor considered the administrator's use of the medical evidence, and focused on whether certain medical reports were downplayed, and whether the medical experts were provided with all the relevant evidence. *Id*

Since the *Glenn* decision, a number of courts have addressed a party's right to discovery on the types of documents requested by Plaintiff here and reached different conclusions. Some courts have found that the Plan Administrator must produce documents regarding internal guidelines and policies on the processing of claims. *See Kruk v. Metropolitan Life Ins. Co.*, No. 3:07-CV-01533(CSH), 2009 WL 1481453, at * 6 (D. Conn. May 26, 2009)(claims manuals or policies discoverable); *Cannon v. UNUM Life Ins. Co. of America,* 219 F.R.D. 211, 214 (D. Me. 2004) (internal memoranda and policies relevant). Other courts have reached the contrary conclusion. *See Christie v. MBNA Long Term Disability Plan*, No. 1:08 CV 44 JAW 4427192, at *1 (D. Me. Sept. 25, 2008) (denying discovery on administrator's policies and procedures); *Florczyk v. Metro. Life Ins. Co.*, No. 5:06 CV 309 GHL, 2008 WL 3876096, at *3 (N.D.N.Y. July 11, 2008) (rejecting request for discovery of administrator's claims handling procedures and internal training materials); *see*

*also Hatch v. Federated Retail Holdings, Inc.*, No. 06-cv-01598-REB-CBS, 2007 WL 841800, at *3, 5 (D. Colo. Mar. 20, 2007) (pre-*Glenn* decision denying discovery of internal policies or guidelines).

Pursuant to Fed. R. Civ. P. 26(b)(1), any discovery sought must be relevant. Relevancy is broadly construed, and a request for discovery should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson*, 220 F.R.D. at 350 (citations omitted); *see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome"). When a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *See Paradigm Alliance, Inc. v. Celeritas Tech., LLC,* 2008 WL 678700, at *2 (D. Kan. 2008) (unpublished decision) (citation omitted).

Although the *Glenn* Court ruled that a Plan Administrator's conflict of interest is a factor that can be explored in an ERISA case, it did not discuss how the Plaintiff went about establishing such a conflict. Specifically, the Supreme Court did not address whether

8

discovery was permitted and, if so, the scope of that discovery. However, as noted above, many courts have found that *Glenn* implicitly allows discovery outside the Administrative Record. Therefore, even if the information sought by Plaintiff here may not ultimately have any effect on the Court's decision on the underlying claims, at this time I find that the internal guidelines and policies of Hartford are relevant to the conflict of interest issue.

### D. Social Security Benefits

Plaintiff alleges that Hartford encouraged her to apply for Social Security disability benefits. Plaintiff was awarded the benefits, but she alleges that Hartford ignored that fact in evaluating her claim. Interrogatory 19 seeks information on other claimants who were treated the same way in order to determine whether there was a pattern. *Brief* [#31] at 13-14.

Once again, *Glenn* provides guidance on the issue. In that case, the Plan Administrator encouraged the claimant to apply for social security benefits and she was awarded the benefits. The Administrator ignored the agency's finding. *Glenn*, 128 S.Ct. at 2352. The Court stated that "[t]his course of events was not only an important factor in its own right (because it suggested procedural unreasonableness), but also would have justified the court giving more weight to the conflict (because [the insurer's] seemingly inconsistent positions were both financially advantageous)." *Id.* Based on this language, Plaintiff is entitled to discovery on the social security benefits issue.

Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's Motion is **GRANTED**.

IT IS FURTHER **ORDERED** that Defendants shall provide written discovery responses consistent with this Order on or before **April 2, 2010**.

IT IS FURTHER **ORDERED** that Plaintiff may conduct a deposition as detailed in Plaintiff's Proposed Notice of Fed. R. Civ. P. 30(b)(6) Deposition [Docket No. 30-4].

Dated: March 2, 2010

BY THE COURT:

\_\_s/ Kristen L. Mix_____
United States Magistrate Judge