IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01556-ZLW-KLM

EDGNA ALMEIDA,

    Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut corporation,

    Defendant.

## STIPULATED PROTECTIVE ORDER

It is hereby agreed and stipulated by Plaintiff Edgna Almeida, ("Almeida") and Defendant Hartford Life and Accident Insurance Company, a Connecticut corporation ("Hartford"), through their respective counsel, that the following provisions and conditions shall govern the parties:

    1.    Pursuant to court sanctioned discovery, the parties may be required to produce documents and information which contain sensitive, non-public information including, but not limited to, financial information, marketing information, customer information, employment information, business plans, intellectual property, and/or trade secrets ("Confidential Information"). In accordance with the standards of a blanket protective order as set forth in *Gillard v. Boulder Valley School District RE-2*, 196 F.R.D, 382 (D. Colo. 2000), a party may designate documents or information which they believe in good faith is or contains Confidential Information by designating that document or information as "CONFIDENTIAL". This

Protective Order ("Order") shall pertain to those documents produced and information provided by any party and designated "CONFIDENTIAL" in response to any party's discovery requests. The term "Disclosing Party" shall refer to the party producing "CONFIDENTIAL" documents and/or information and the term "Non-Disclosing Party" shall refer to the party to whom "CONFIDENTIAL" documents and/or information have been produced.

2. Unless otherwise ordered by the Court, all documents or information that are designated "CONFIDENTIAL" shall be available only for examination by the parties, counsel for the parties, witnesses, experts, and consultants retained by counsel to assist in the prosecution, defense or settlement of this matter. Before any third party witnesses, experts, or consultants receive access to such "CONFIDENTIAL" discovery, they shall agree in writing to be bound by this Order. Specifically, the Non-Disclosing Party shall obtain an agreement in writing, as per the form attached as Exhibit "A," from the witness, expert, or consultant reciting that he or she has read a copy of this Order and agrees to be bound by its provisions. A copy of all agreements executed by such persons shall be furnished to counsel of record for the Disclosing Party.

3. No "CONFIDENTIAL" discovery shall be used or communicated by any person receiving it for any purpose whatsoever other than prosecution, defense or settlement of this matter.

4. There shall be no reproduction whatsoever of any "CONFIDENTIAL" discovery except that, as required in this litigation, copies, excerpts or summaries may be shown or given to those authorized to receive discovery materials pursuant to this Order.

5. When producing documents of any kind which contain Confidential Information, the parties shall mark such documents as "CONFIDENTIAL."

6. In responding to written discovery directed to them, any party may designate any portion of her / its responses which contains Confidential Information as "CONFIDENTIAL."

7. In depositions (if any), any party may designate any testimony deemed to be "CONFIDENTIAL" by advising the court reporter of such fact. The reporter shall then mark the "CONFIDENTIAL" portions of the transcript as "CONFIDENTIAL."

8. Documents or information designated by any of the parties in accordance with this Order which are marked as "CONFIDENTIAL" and required to be filed with the Court shall be sealed by the Clerk of Court and shall be available for inspection only by the Court and by those persons authorized by this Order to review such Confidential Information.

9. If the Non-Disclosing Party objects to the designation by the Disclosing Party of a document, pleading, or any transcript of testimony as "CONFIDENTIAL," he/it shall give notice of same to the Disclosing Party in writing of the document, pleading, and/or testimony at issue and the reason for the objection. The Disclosing Party shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony pursuant to the Federal Rules of Civil Procedure. If the Disclosing Party does not make application within twenty (20) business days after receipt of the written objection of the Non-Disclosing Party, then the documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL." However, until expiration of the twenty (20) day time period or until the Court enters an order changing the designation, the information shall continue

to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Order.

10. Information designated as "CONFIDENTIAL" may be referred to by the Non-Disclosing Party in notices, motions, briefs, or any other pleadings, may be used in depositions (if any) and may be marked as deposition or exhibits in this action. However, no such information shall be used for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and separately filed under the seal with the Court. Specifically, to the extent that any such filing with the Court is necessary, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.2 and 7.3.

11. Nothing in this Order shall prevent any party or non-party from seeking a modification of the Order or objecting to discovery which it believes to be otherwise improper.

DATED this 29 day of April, 2010.

Kristen L. Mix
UNITED STATES MAGISTRATE JUDGE

**SUBMITTED BY:**

*s/ Thomas J. Arckey*
Thomas J. Arckey
Sara Yelton
Arckey & Reha, LLC
26 W. Dry Creek Circle, Suite 800
Littleton, CO 80120
Telephone: (303) 798-8546
Fax: (303) 798-4637
Email: tja@arlaw.us
       syelton@arlaw.us

ATTORNEYS FOR PLAINTIFF

*s/ Emily Hobbs-Wright*
Emily Hobbs-Wright
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80201-8749
Phone: (303) 295-8584
Fax: (303) 295-6505
ehobbswright@hollandhart.com

Michael S. Beaver
HOLLAND & HART LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
Phone: (303) 290-1600
Fax: (303) 290-1606
mbeaver@hollandhart.com

ATTORNEYS FOR DEFENDANT

## APPENDIX "A"

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Confidentiality Stipulation in the case of Edgna Almeida v. Hartford Life And Accident Insurance Company, a Connecticut corporation, 09-cv-01556-ZLW-KLM, pending in the U.S. District Court for the District of Colorado, a copy of which Stipulation has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all the terms of the Confidentiality Stipulation and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as set forth in the Confidentiality Stipulation. I further agree and attest to my understanding that that in the event I fail to abide by the terms of the Stipulation, I may be subject to sanctions imposed by the Court.

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City    State    Zip

_____
Occupation or Business

4791543_2.DOC